IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CANDICE WOLCOTT                                                                          PLAINTIFF

vs.                                  Civil No. 4:18-cv-04133

NANCY A. BERRYHILL                                                                     DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Candice Wolcott ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on September 14, 2015. (Tr. 15). Plaintiff alleged she was disabled due to due to heart issues and Chron's disease. (Tr. 186). Plaintiff alleged an onset date of January 1, 2014. (Tr. 15). This application was denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted. (Tr. 98-100).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff's administrative hearing was held on July 12, 2017. (Tr. 38-64). Plaintiff was present and was represented by Stan Brummal at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Phunda Yarbrough testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-four (34) years old and had a GED. (Tr. 42-43).

On February 14, 2018, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 15-23). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 14, 2015. (Tr. 17, Finding 1). The ALJ also determined Plaintiff had the severe impairments of a history of supraventricular tachycardia statuspost cardiac ablation and postural orthostatic tachycardia syndrome. (Tr. 17, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-23). First, the ALJ indicated she evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, except could occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs, but could not climb ladders, ropes, or scaffolds. (Tr. 19, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 5). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 23, Finding 9). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the

2

requirements of representative occupations such as cafeteria attendant with 142,100 such jobs in the nation, marker with 463,169 such jobs in the nation, and housekeeper cleaner with 248,672 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since September 14, 2015. (Tr. 24, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 147-148). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On September 21, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

substantial evidence in the record. ECF No. 13, Pg. 2-20. Specifically, Plaintiff claims the ALJ erred: (1) in failing to properly assess her impairments, (2) in the RFC determination, and (3) in failing to give proper treatment to the opinions of Plaintiff's physicians. *Id.* In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 14. Because this Court finds the ALJ erred in the treatment of the opinions of Plaintiff's physician, this Court will only address this issue.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff had been treated by cardiologist Dr. Scott Beau, of the Arkansas heart Hospital Clinic, since May 21, 2015. (Tr. 319-375, 408-433, 516-548, 595-639, 697-709, 923). Plaintiff was also seen for a consultative examination by Dr. Timothy Overlock. (Tr. 953-967). The ALJ gave some weight to the opinions of Dr. Beau and little weight to the opinions of Dr. Overlock. (Tr. 22).

The ALJ has the responsibility to determine which findings are inconsistent and which

5

opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-952. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, the ALJ erred in discounting the findings of Drs. Beau and Overlock. *See Brown,* 611 F.3d at 951-952. At the very least, if the ALJ found this record was unclear, ambiguous, or inconclusive, the ALJ should have re-contacted Dr. Beau. 20 C.F.R. § 404.1512(e) (requiring the ALJ to re-contact the claimant's treating physician or psychologist or other medical source where the information the SSA receives from that source is inadequate to determine whether the claimant is disabled).

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's physicians. Because the ALJ did not properly review the opinions of Plaintiff's physicians, this case should be reversed and remanded for proper review and analysis of these opinions.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **13th day of June 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE